UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| SA RECYCLING LLC,<br>    Plaintiff,<br>    v.<br>KRAMAR'S IRON & METAL, INC.<br>    Defendant<br>_____<br><br>AND RELATED COUNTERCLAIM<br>_____ | Case No. SACV 12-0416-AG(JPRx)<br><br>STIPULATED PROTECTIVE ORDER |

## STIPULATION

In order to protect confidential and/or competitively sensitive information or things produced or disclosed in connection with the instant action, plaintiff SA Recycling LLC and defendant Kramar's Iron & Metal, Inc. (hereinafter the "parties") stipulate through their respective counsel to the entry of a Protective Order, the grounds for and terms of which are set forth below.

## GOOD CAUSE GROUNDS FOR PROTECTIVE ORDER

Good cause exists for this Protective Order. The parties are direct business competitors. They have begun pretrial discovery in this case. This discovery may involve confidential, proprietary, and competitively sensitive information including, but not limited to, the identity of customers, vendors, suppliers, and their contact information,

non-public information including, but not limited to, income, costs, pricing, profits, losses, budgets, expenditures, trade secrets as defined in California Civil Code § 3246.1, the parties' business strategies, operations, and proprietary knowledge, and confidential information of non-parties.

In light of the foregoing, the parties submit that there is good cause to preserve the confidentiality of this information because the parties' interest in preserving this confidentiality substantially outweighs the public's interest in having access to this information.

PROTECTIVE ORDER

The Court, having considered the terms set forth below and finding good cause therefor, hereby ORDERS that:

A.   DEFINITIONS AND GENERAL PROVISIONS

As used anywhere in this Protective Order, the following words and terms are defined as indicated below:

1. "Party" – Plaintiff and counterdefendant SA Recycling LLC, defendant and counterclaimant Kramar's Iron & Metal, Inc., their agents and employees, and any person who may be subsequently joined in this action, excluding attorneys.

2. "Producing Party" – A Party that originally produces or designates "Designated Material," as defined below in paragraph 13 of this section A, in connection with this action. A Producing Party further includes any non-party that has agreed to be bound by the terms of this Protective Order as provided in section C below.

3. "Receiving Party" – A Party that receives or otherwise possesses Designated Material that was produced or designated as Designated Material by a Producing Party.

4. "Attorney" – An attorney of record in this action for a Party. For purposes of disclosure of Material, Attorney includes any person who is a member of an Attorney's in-house litigation support staff.

5. "Consultant" - Any expert, lay person, or other natural person who, or legal entity, which provides any consulting or expert services in connection with this action (as

STIPULATED PROTECTIVE ORDER

well as their support staff).  Whether a person appears or does not appear at trial or is compensated or is not compensated has no bearing on whether that person is a Consultant as defined herein.  A Consultant cannot be:  (1) a past or current employee, officer, director, manager, managing agent, or member of a Party or of a Party's competitor, or a relative or friend of any of the foregoing or (2) at the time of retention, anticipated to become an employee, officer, director, manager, managing agent, or member of a Party or of a Party's competitor.  Each Party and Attorney to whom this Protective Order applies, by agreeing to the terms of this Protective Order, agrees that it will not contact any other Party's Consultant at any time unless each such Party and Attorney seeking to make such contact first obtains express, written authorization from the other Party's Attorney.

6. "Material" – any tangible or intangible thing, including, but not limited to, documents, information, testimony, communications, representations, any "writing," "recording," or "photograph" as defined in F.R.Evid. 1001, and any unwritten, unrecorded, and/or unphotographed, concepts, ideas, plans, strategies, statements, know-how, facts, events, circumstances, conditions, objectives, reasons, etc.

7. "Confidential Material" - Any Material that constitutes a "trade secret or other confidential research, development, or commercial information" pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and which a Producing Party, in connection with this action, designates as "Confidential."

8. "Highly Confidential Material" – Any Material that not only qualifies as "Confidential Material" as set forth above, but is also sufficiently competitively sensitive such that its disclosure to another party could create a competitive disadvantage for the disclosing party, or could create a competitive advantage for the receiving party, or both, and which a Producing Party, in connection with this action, designates as "Highly Confidential."

10. "Derived Confidential Material" – Any Material that, in whole or in part: copies, summarizes, discusses, quotes, restates, reorganizes, compiles, analyzes,

discloses, relies on or is otherwise obtained from, derived from, or based on, any Confidential Material.

11. "Derived Highly Confidential Material" – Any Material that, in whole or in part: copies, summarizes, discusses, quotes, restates, reorganizes, compiles, analyzes, discloses, relies on or is otherwise obtained from, derived from, or based on, any Highly Confidential Material.

12. "Derived Material" – Any Derived Confidential Material and/or any Derived Highly Confidential Material.

13. "Designated Material" - Any Material that an Attorney or a Producing Party, in connection with this action, designates as "Confidential" or "Highly Confidential" and further including any Derived Material.

<u>Limitation on Use of Certain Material</u> – Confidential Material, Highly Confidential Material, Derived Confidential Material, Derived Highly Confidential Material, and/or Designated Material may be used only for purposes of this action.

<u>Prohibited Designations</u> -Material may not be designated as "Confidential" or "Highly Confidential" if the Material:

    a.    Is in the public domain at the time of disclosure, as evidenced by written documents;

    b.    Entered the public domain through no fault of the Party to whom the Material was disclosed, as evidenced by written documents; or

    c.    At the time of disclosure, is within the rightful and lawful possession of the Party to whom the Material was disclosed, as evidenced by written documents.

B.    TREATMENT OF DESIGNATED MATERIAL

1.    <u>Scope of Disclosure of Confidential Material</u> - Absent further agreement of the parties and further Order of the Court, Confidential Material and/or Derived Confidential Material may be disclosed only to a Party, an Attorney, the Court, Court personnel, and Consultants who have agreed to be bound by the terms of this Protective

Order as provided in paragraph B(10) below.  A Receiving Party and/or an Attorney for a Receiving Party who receives, possesses, or controls any Confidential Material and/or any Derived Confidential Material of a Producing Party shall maintain sole possession and control of all such Confidential Material and all such Derived Confidential Material except as provided in paragraph B(10) regarding disclosure to Consultants and paragraph B(18) regarding termination of this action.  Confidential Material and/or any Derived Confidential Material of a Producing Party must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.  The restrictions on the disclosure of Confidential Material and/or Derived Confidential Material as set forth in this paragraph shall apply in perpetuity unless the Producing Party expressly agrees otherwise in writing or a court orders otherwise.

  2. <u>Scope of Disclosure of Highly Confidential Material</u> - Absent further agreement of the parties and further Order of the Court, Highly Confidential Material and/or Derived Highly Confidential Material may be disclosed only to Attorneys, the Court, Court personnel, and Consultants who have agreed to be bound by the terms of this Protective Order as provided in paragraph B(10) below.  Highly Confidential Material may not be disclosed to a Receiving Party without the prior written approval of the Attorney of record for the Producing Party.  A Receiving Party and/or an Attorney for a Receiving Party who receives, possesses, or controls any Highly Confidential Material and/or any Derived Highly Confidential Material of a Producing Party shall maintain sole possession and control of all such Highly Confidential Material and all such Derived Highly Confidential Material except as provided in paragraph B(10) regarding disclosure to Consultants and paragraph B(18) regarding termination of this action.  Highly Confidential Material and/or any Derived Highly Confidential Material of a Producing Party must be stored and maintained by a Receiving Party and/or an Attorney for a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.  The restrictions on the disclosure of

STIPULATED PROTECTIVE ORDER

Highly Confidential Material and/or Derived Highly Confidential Material as set forth in this paragraph shall apply in perpetuity unless the Producing Party expressly agrees otherwise in writing or a court orders otherwise.

3. <u>Treatment of Material from any Non-Party</u> – When any Material is obtained from any non-party through discovery, all such Material shall be received, in the first instance, only by the Attorney who initiated the discovery of the Material and all such Material shall be treated as "Highly Confidential" for at least 14 days after its receipt by the Attorney who initiated the discovery of the Material. Within two business days after such Attorney receives any such Material from a non-party, such Attorney shall provide copies of such Material to all other Attorneys so that, during such 14-day period, those other Attorneys may designate those Materials as "Confidential" or "Highly Confidential" as applicable.

4. <u>Manner of Marking Designated Material</u> - To designate Material as "Confidential" or "Highly Confidential," the Attorney representing the Producing Party, the Attorney representing the "Acknowledging Non-Party" as hereinafter defined in Section C, or the Acknowledging Non-Party must conspicuously mark the Designated Material with the words "Confidential" or "Highly Confidential" as applicable. To the extent only a portion of any given Material otherwise designated actually qualifies as "Confidential" or "Highly Confidential," only that limited portion should be so designated. If it is not possible, practical or reasonable to mark the Designated Material in this manner, then an accurate representation of the Designated Material shall be set forth in a writing, recording, and/or photograph and that writing, recording, and/or photograph shall be conspicuously marked with the words "Confidential" of "Highly Confidential" as applicable. If timely corrected, an inadvertent failure to mark or designate Material as "Confidential" or "Highly Confidential," as applicable, shall not, standing alone, waive the Producing Party's right to secure protection under this Protective Order for such Material. Upon timely correction of a designation, the Receiving Party and/or Attorney therefor must make reasonable efforts to ensure that the

STIPULATED PROTECTIVE ORDER

Confidential, Highly Confidential or Derived Material applicable thereto is treated in accordance with the provisions of this Protective Order.

5. <u>Manner of Marking Derived Material</u> - Any Derived Material prepared by any Party, any Attorney, any Consultant or any other person who has agreed to be bound by the terms of this Protective Order shall itself be conspicuously marked "Confidential" or "Highly Confidential," as applicable, so that the Derived Material is marked with the same level of confidentiality as the Material from which it was derived.  All Derived Material shall be marked in this manner upon the creation of any such Derived Material.

6. <u>Persons Allowed to be Present During Confidential Depositions</u> - During the portions of a deposition that involve the disclosure of Confidential Material, no person may be present during, or may see or hear any of the items described in clause (a) through (g) of paragraph B(8) below, such Confidential portions other than Attorneys, Parties, court reporters, the deponent, attorney for the deponent, if any, and Consultants who have agreed to be bound by the terms of this Protective Order as provided in paragraph B(10) below, unless the Court orders otherwise.

7. <u>Persons Allowed to be Present During Highly Confidential Depositions</u> - During the portions of a deposition that involve the disclosure of Highly Confidential Material, no person may be present, or may see or hear any of the items described in clause (a) through (g) of paragraph B(8) below, during such Highly Confidential portions other than Attorneys, court reporters, the deponent, attorney for the deponent, if any, and Consultants who have agreed to be bound by the terms of this Protective Order as provided in paragraph B(10) below, unless the Court orders otherwise.

8. <u>Treatment of Deposition Transcript and other Deposition Material</u> – Regarding (a) any recording of any testimony, sounds, images, or events at a deposition, (b) any transcription of any aspect of a deposition, regardless of whether such transcription is in raw form, draft form, or final form, (c) any live or delayed transmission of any such recording or transcription, (d) any copy in whole or in part of any such recording, transcription, or transmission, (e) any exhibits that were made a part of a

deposition, (f) any Materials that were produced at or in connection with a deposition and which at that time had not already been designated as "Confidential" of "Highly Confidential" in accordance with this Protective Order, and (g) anything that summarizes, discusses or otherwise discloses, in whole or in part, any such matter, i.e., anything described in clauses (a) through (f) of this sentence, shall all be treated as "Highly Confidential" for 14 days after the Attorney representing the deponent receives the certified hardcopy of the transcript from the court reporter and serves notice of that receipt on the other Attorneys.  During this fourteen-day period, the Attorney representing the deponent may designate specific portions of the transcript as "Confidential" or "Highly Confidential," as applicable, by notifying all other Attorneys in writing of the particular pages and lines of the transcript to which the designation applies.  Also during this fourteen-day period, for any exhibits and other Materials that were produced in connection with the deposition, the Attorney representing the deponent may designate as "Confidential" or "Highly Confidential," as applicable, exhibits and other Materials, provided that the designating Attorney notifies all other Attorneys in writing of any such designation.  If the deponent makes any changes to the deposition transcript, those changes shall be treated as "Highly Confidential" for 14 days after the Attorney representing the deponent serves the changes on all other Attorneys.  During this fourteen-day period, the Attorney representing the deponent may designate the changes or specific portions of the changes as "Confidential" or "Highly Confidential," as applicable, by notifying all other Attorneys in writing of the particular changes to which such designations apply.

   9. <u>Scope of Use of Designated Material</u> - Designated Material may only be used in the prosecution, defense or settlement of this action.  The recipient of any Designated Material must exercise reasonable care in handling, storing, using, disseminating, and, if applicable, deleting and/or destroying the Designated Material in accordance with this Protective Order.  Nothing in this Protective Order restricts the use by any Party of its own Designated Material.

10. <u>Disclosure of Designated Material to a Consultant</u> – An Attorney is not allowed to provide any Designated Material, including, but not limited to, any information contained in any Designated Material to a Consultant or to a possible or prospective Consultant until all of the following three conditions are met:

(i) The Attorney wishing to make such a disclosure must provide the Consultant or possible or prospective Consultant with a copy of this Protective Order and the form entitled "Acknowledgement of and Agreement to be Bound by Protective Order" ("Acknowledgement") attached hereto as Exhibit 1,

(ii) To the extent it exists, the Consultant or possible or prospective Consultant must supply all of the information corresponding to each blank line on the Acknowledgement, and

(iii) Except for supplying the information corresponding to each blank line on the Acknowledgment, the Consultant or possible or prospective Consultant may not add to, strike from, mark up, or otherwise change the preprinted Acknowledgement as it appears in the form attached as Exhibit 1. **No Consultant may receive any Designated Material, including, but not limited to, any information contained in any Designated Material until after the Consultant satisfactorily completes and signs the Acknowledgement, Ex. 1**. Each completed, signed original Acknowledgement must be retained by the Attorney who procured it. The procuring Attorney must serve a copy of each completed, signed original Acknowledgment on all other Attorneys as provided in paragraphs B(11), B(12), and/or B(13) herein, as applicable.

11. <u>Disclosure of Material to Case-in-Chief Experts</u> – With respect to any Consultant who has been identified as an expert witness pursuant to F.R.Civ.P. 26 and who has received or is expected to receive any Designated Material, an Acknowledgement (Ex. 1) completed and signed by that Consultant shall be served, by the Attorney who procured it, on all Parties no later than the expert witness disclosure date provided by F.R.Civ.P. 26(a)(2)(A) or as otherwise ordered by the Court, as

9

STIPULATED PROTECTIVE ORDER

applicable.  The service of that Acknowledgement shall include a copy of all Material, including, but not limited to, all Designated Material disclosed to or provided to the Consultant.  If any other Material, including, but not limited to, Designated Material is ever disclosed to or provided to any such Consultant, a copy of all such Material and Designated Material shall be served on all Parties at the same time that that Material or Designated Material is disclosed to or provided to each such Consultant.

12. <u>Disclosure of Material to Rebuttal-Only Experts</u> – With respect to any Consultant who is expected to provide only rebuttal testimony at trial and who has received or is expected to receive any Designated Material, an Acknowledgement (Ex. 1) completed and signed by that Consultant shall be served by the Attorney who procured the Acknowledgment on all Parties no later than the last day of trial or, if there is no trial, then no later than the date set for trial to begin.  The service of that Acknowledgement shall include a copy of all Material, including, but not limited to, all Designated Material disclosed to or provided to the Consultant.  If any other Material or Designated Material is ever disclosed to or provided to any such Consultant, a copy of all such Material and Designated Material shall be served on all Parties at the same time that that Material or Designated Material is disclosed to or provided to each such Consultant.

13. <u>Disclosure of Material to All Other Consultants</u> – With respect to any Consultant (a) who is not covered by paragraphs B(11) or B(12) immediately above and (b) who receives any Designated Material, an Acknowledgement (Ex. 1) completed and signed by that Consultant shall be served, by the Attorney who procured it, on all Parties no later than the Deposition Cut-off in this action.  The service of that Acknowledgement shall include a copy of all Designated Material disclosed to or provided to the Consultant. If any other Designated Material is ever disclosed to or provided to any such Consultant, a copy of all such Designated Material shall be served on all Parties at the same time that that Designated Material is disclosed to or provided to each such Consultant.

14. <u>Filing Designated Material</u> – An Attorney for a Party that seeks to file any Designated Material with the Court must request that the Designated Material be filed

STIPULATED PROTECTIVE ORDER

under seal pursuant to L.R. 79-5.1.

15. <u>Challenging a Designation</u> – A Party may file a motion with the Court at any time to challenge the propriety of the designation of Designated Material utilizing the procedures set forth in L.R. 37-1 <u>et</u> <u>seq</u>.

16. <u>Unauthorized Disclosure</u> – If any Confidential Material, Highly Confidential Material, Derived Confidential Material, Derived Highly Confidential Material, and/or Designated Material is disclosed to any person other than a person authorized by this Protective Order, the Party, Attorney, Consultant, or other person who has agreed to be bound by the terms of this Protective Order or entity responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the Attorneys, and with respect to any Designated Material of an Acknowledging Non-Party, such Acknowledging Non-Party or the attorney for the Acknowledging Non-Party, if applicable, and, without limitation of any rights or remedies of any party, make every effort to cause all such wrongly disclosed Materials to be returned to the Producing Party and make every effort to prevent any further disclosure of such Material in contravention of this Protective Order.

17. <u>Failure to Label or Mark Designated Material</u> – If a Party, Attorney, Consultant, Acknowledging Non-Party or an attorney for an Acknowledging Non-Party through inadvertence, produces any Confidential Material, Highly Confidential Material, Derived Confidential Material, Derived Highly Confidential Material, and/or Designated Material without labeling or marking or otherwise designating it as such in accordance with this Protective Order, such Party, Attorney, Consultant, Acknowledging Non-Party or attorney for Acknowledging Non-Party may give written notice to the Attorneys that the Material produced is to be deemed and treated for all purposes in accordance with this Protective Order as Confidential, Highly Confidential, Derived Confidential Material, Derived Highly Confidential Material, and/or Designated Material, as applicable, whereupon the Receiving Parties, Attorneys and Consultants must treat such Materials in such manner.  If a Receiving Party, Attorney or Consultant has disclosed the Materials

before receiving the designation, the Attorney (on behalf of herself or himself, or for or on behalf of the Receiving Party and/or the Consultant) must notify in writing the Party, Attorney, Consultant, Acknowledging Non-Party or attorney for Acknowledging Non-Party who failed to timely designate the Material of all pertinent facts relating to each such disclosure.  The Receiving Party, Attorney or Consultant that disclosed the Materials before receiving the designation shall immediately make every effort to cause all such disclosed Materials to be returned to the Producing Party and prevent any further disclosure of such Materials in contravention of this Protective Order.  The Attorneys shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "Confidential" or "Highly Confidential."

18.  <u>Handling Designated Material After Close of Action</u> – Contemporaneously with the final termination of this action, any Consultant who received or prepared any Designated Material shall promptly deliver all such Designated Material to the Attorney who provided any Designated Material to the Consultant.  After the final termination of this action and after each Consultant has delivered all Designated Materials in the Consultant's possession, custody or control to the Attorney who provided any Designated Material to the Consultant, each Attorney that has received Designated Material from a Producing Party shall promptly deliver to the Attorney for the Producing Party (i) all such Designated Material and (ii) all Designated Material that was delivered to the Attorney by a Consultant.  Alternatively, after the final termination of this action, an Attorney for the Producing Party may request that an Attorney for the Receiving Party irretrievably delete, if applicable, and permanently destroy all of the Producing Party's Designated Material that is in the possession, custody or control of the Receiving Party and/or the Attorney for the Receiving Party, including all Designated Material that was delivered to the Attorney by a Consultant.  Any such request to delete, if applicable, and destroy Designated Material shall be served on an Attorney for the Receiving Party and, upon the Attorney's receipt of such a request, the Attorney for the Receiving Party shall promptly and irretrievably delete, if applicable, and promptly and permanently destroy all such

STIPULATED PROTECTIVE ORDER

Designated Material.  Upon completion of such deletion and destruction, the Attorney for the Receiving Party shall promptly serve written confirmation of such deletion and destruction to all Attorneys.  This written confirmation shall also identify each Consultant to whom the Attorney for the Receiving Party provided any Designated Material and confirm that all such Designated Material and any Derived Material have all been irretrievably deleted, if applicable, and permanently destroyed.  Notwithstanding the foregoing, an Attorney may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Designated Material, and will continue to be bound by this Order with respect to all such retained items.  Further, attorney work product materials that contain Designated Material need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained work product materials.

19. <u>Prosecution Bar</u> -  Absent written consent from the Producing Party, any individual who has agreed to be bound by the terms of this Protective Order who actually views or actually otherwise receives Confidential Material and/or Highly Confidential Material relating to any apparatus or method of use of an apparatus by the Producing Party for loading a freight container with scrap metal, shall not be involved in the prosecution of claims for patents or patent applications relating to any apparatus or method of use of an apparatus for loading a freight container with scrap metal, including without limitation the patent asserted in this action, U.S. Patent No. 7,837,428, and including without limitation any patent or application claiming priority to or otherwise related to the patent asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution of claims" means directly or indirectly drafting, amending, advising, or otherwise affecting the scope of patent claims.  To avoid any doubt, "prosecution of claims" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency

STIPULATED PROTECTIVE ORDER

(including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination).  This Prosecution Bar shall begin when access to such Confidential Material and/or Highly Confidential Material is first received by the affected individual.

C.   <u>NON-PARTY PRODUCTION</u>

If Material is sought from a non-party and the non-party wishes to have that Material treated as Confidential Material or as Highly Confidential Material pursuant to this Protective Order, that non-party may have that Material treated in this manner provided that the non-party, and the non-party's attorney, if applicable, satisfactorily complete(s) and sign(s) the Acknowledgement attached hereto as Exhibit 1 and, contemporaneously therewith, serve(s) the completed and signed Acknowledgement(s) on all Parties.  Upon such service, all of the terms of this Protective Order shall apply to such non-party (the "Acknowledging Non-Party"), to such Acknowledging Non-Party attorney, if applicable, and to the Acknowledging Party's Designated Material.

D.   <u>PRIVILEGED MATERIAL - NO WAIVER BASED ON INADVERTENT PRODUCTION</u>

If an Attorney receives from a Producing Party or from the Attorney for a Producing Party any Material or Designated Material that appears to contain matter that is privileged, immune, or otherwise protected, the receiving Attorney shall promptly so notify the Attorney for the Producing Party.  Upon the request of an Attorney for a Producing Party, any Material or Designated Material that contains matter that is privileged, immune, or otherwise protected, from discovery or otherwise, and that was inadvertently produced or disclosed, shall be (1) promptly returned to the Attorney for the Producing Party and (2) treated by each Attorney and any other person who received it as

///
///
///
///

STIPULATED PROTECTIVE ORDER

though it had not been produced or disclosed.  Any such inadvertent production or disclosure shall not constitute a waiver of any privilege, immunity, or other protection.

| BRYAN CAVE LLP | KLEINBERG & LERNER, LLP |
| | MARMON LAW OFFICES |
| June 25, 2013 | June 25, 2013 |
| By: /S/Berrie R. Goldman | By: /S/Marvin H. Kleinberg |
| Jonathan S. Pink (Bar No. 179685) | Marvin H. Kleinberg (Bar No. 24,953) |
| jonathan.pink@bryancave.com | mkleinberg@kleinberglerner.com |
| 3161 Michelson Drive, Suite 1500 | Bradford E. Mattes (Bar No. 159,004) |
| Irvine, California 92612-4414 | bemattes@kleinberglerner.com |
| Telephone: (949) 223-7000 | KLEINBERG & LERNER, LLP |
| Facsimile: (949) 223-7100 | 1875 Century Park East, Suite 1150 |
| | Los Angeles, California 90067-2501 |
| Robert Lancaster (Bar No. 257504) | Telephone: (310) 557-1511 |
| rglancaster@bryancave.com | Facsimile: (310) 557-1540 |
| 120 Broadway, Suite 300 | |
| Santa Monica, California 90401-2386 | Victor I. Marmon (Bar No. 66,709) |
| Telephone: (310) 576-2100 | vmarmon@earthlink.net |
| Facsimile: (310) 576-2200 | MARMON LAW OFFICES |
| | 1875 Century Park East, Suite 1600 |
| Berrie R. Goldman (Bar No. 246061) | Los Angeles, California 90067-2517 |
| berrie.goldman@bryancave.com | Telephone: (310) 551-8120 |
| Nicholas A. Lind (Bar No. 280427) | Facsimile: (310) 551-8113 |
| nick.lind@bryancave.com | Attorneys for Defendant and |
| 560 Mission Street, 25th Floor | Counterclaimant Kramar's Iron & |
| San Francisco, CA 94105 | Metal, Inc. |
| Telephone: (415) 675-3436 | |
| Facsimile: (415) 675-3434 | |
| Attorneys for Plaintiff and | |
| Counterdefendant SA Recycling, LLC | |

I, Bradford E. Mattes, attest pursuant to L.R. 5-4.3.4(a)(2)(i) that the above signatories on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

IT IS SO ORDERED.

DATED: July 03, 2013

*[signature: Jean Rosenbluth]*

Jean P. Rosenbluth
United States Magistrate Judge

15

STIPULATED PROTECTIVE ORDER

<pre>
                                    EXHIBIT 1
                          UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION


SA RECYCLING LLC,                    )  Case No. SACV 12-0416-AG(JPRx)
        Plaintiff,                   )
        v.                           )  ACKNOWLEDGEMENT OF AND
KRAMAR'S IRON & METAL, INC.          )  AGREEMENT TO BE BOUND BY
        Defendant                    )  PROTECTIVE ORDER
_____)
                                     )
AND RELATED COUNTERCLAIM             )
_____)
</pre>

     I, (printed name) _____ have read and understand the Protective Order in this case and I agree to be bound by its terms. I represent that: (1) I am not a past or current employee, officer, director, manager, managing agent, or member of a Party or of a Party's competitor, (2) I am not related to, nor am I a friend of, any employee, officer, director, manager, managing agent, or member of a Party or of a Party's competitor, (3) I do not anticipate becoming an employee, officer, director, manager, managing agent, or member of a Party or of a Party's competitor. I understand that if I breach any representation in this Acknowledgement, or if I violate any aspect of the Protective Order, I may be subject to damages and severe penalties. I consent to personal jurisdiction over me by the Court for the purpose of enforcing this agreement by me to be bound by the Protective Order in this case. To the extent it exists, the following information about me has been supplied below, and I represent that it is true and correct:

Employer/Co.:_____  Home address:_____
Position:_____  City,State,Zip:_____
Work address:_____  Home phone no.:_____
City,State, Zip:_____  Personal cell phone no.:_____
Work phone no.:_____  Personal email:_____
Work cell phone no.:_____
Work email:_____

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I signed this form on (date) _____ _____ in (city, state (country)):_____.

By: _____

_____16_____

STIPULATED PROTECTIVE ORDER